**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-284

**CITIZENS FOR A HEALTHY COMMUNITY**, and

**HIGH COUNTRY CONSERVATION ADVOCATES**, formerly known as High Country Citizens' Alliance,

    Plaintiffs,

v.

**UNITED STATES FOREST SERVICE**,
**SCOTT G. FITZWILLIAMS**,
**RHONDA O'BYRNE** and
**LEVI BROYLES**,

    Federal Defendants, and

**SG INTERESTS I, LTD**. and
**SG INTERESTS VII, LTD**.,

    Defendant-Intervenors.

---

ORDER GRANTING MOTION TO INTERVENE

Kane, J.

    This matter is before me on Proposed Defendant-Intervenors SG Interests I, LTD. and SG Interests VII, LTD's Motion to Intervene, Doc. 9. After carefully considering the motion and applying the legal standards set forth by the Tenth Circuit in *San Juan County, Utah v. United States*, 503 F.3d 1163, 1188 (10th Cir. 2007)(en banc), I am persuaded to GRANT the motion. The Court accepts the Answer filed at Doc. 10.

    In the interest of the efficient conduct of the proceedings, however, the Defendant-Intervenors participation is not without limitation. Rule 24(a)(2)'s "reference to practical consideration in determining whether an applicant can intervene implies that those same

1

considerations can justify limitations on the scope of intervention." *San Juan County*, 503 F.3d at 1189. "[I]ntervention of right under the amended rule may be subject to appropriate considerations or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." *Id.* (quoting Fed. R. Civ. P. 24 Advisory Committee Notes (1966 Amendment)).

Accordingly, counsel for Federal Defendants and counsel for Defendant-Intervenors must confer before filing any motion, responsive filing, or brief to determine whether their positions may be set forth in a consolidated fashion. Where consolidation is not possible, a staggered briefing schedule may be used. For example, the parties may structure their Joint Case Management Plan such that Defendant-Intervenors are provided 10 additional days to file their brief after the Federal Defendants file their brief. Protracted delays between deadlines are not acceptable. Defendant-Intervenors may file separate motions, responsive filings, or briefs only to raise arguments or issues Federal Defendants decline to raise in their filings. Those arguments must be limited to the claims raised by the original parties; arguments relating to collateral issues will be stricken as immaterial. I note that Defendant-Intervenors are required to follow the same constraints applicable to parties in any Administrative Procedure Act ("APA") case, in which judicial review is generally limited to the agency's administrative record, and discovery or extra-record consideration is improper. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973).

Any separate filings must include a Certificate of Compliance, confirming compliance with this conferral requirement. The Certificate of Compliance should also include a statement that the Federal Defendants' position does not adequately cover the issues the Defendant-Intervenors seek to raise. I decline to place a page limit on Defendant-Intervenors' briefs. It is not possible to predetermine the length of a good brief. Accordingly, I do not adhere to any

prescribed page limits for briefs. Counsel are expected to exercise good judgment. Bear in mind, however, that the longer it takes to make a point, the less likely it is to be understood, and I may disregard string citations and repetitive arguments. Furthermore, counsel should also bear in mind that sarcastic, rude, or ungrammatical briefs are not only unconvincing but often counterproductive.  Finally, each party shall bear its own cost and fees related to the participation of the Defendant-Intervenors in this matter.

DATED:       June 12, 2014              BY THE COURT:

*s/John L. Kane*
John L. Kane, U. S. Senior District Judge